# L. M. Burchfield et al v. K. L. Tanner.

No. A-29. Decided March 8, 1944.
Rehearing overruled April 5, 1944.
(178 S. W., 2d Series, 681.)

*Carter & Sternberg,* of Harlingen, and *H. L. Faulk,* of Brownsville, for petitioners.

The Court of Civil Appeals erred in rendering judgment for the plaintiff upon the verdict of the jury after the jurors had appeared in court and after plaintiff had filed an affidavit signed by all the jurors that their answer to special issue No. 12— that the weight of the cotton seed was 90,000 pounds when it should have been 60,000 pounds—was the result of a unanimous mistake. The court should have set aside the verdict and granted a new trial. Weson v. Gilmore, 63 Me. 493; Chandler v. Wiemers, 4 S. W. (2d) 569; Crosby County Cattle Co. v. McDermett, 281 S. W. 293.

*Taylor, Wagner & Taylor,* of Brownsville, for respondent.

Even though the jury did make a mistake in calculating the amount of cotton seed, the filing of a remittitur of 30,000 pounds by plaintiff cured any error made by the jury in awarding him the 90,000 pounds recovery of cotton seed, and the judgment of the trial court based upon the unanimous mistake should be permitted to stand. Rice Institute v. Freeman, 145 S. W. 688; Gillette Motor Transport v. Blair, 136 S. W. (2d) 656; World Oil Co. v. Hicks, 129 Texas 297, 103 S. W. (2d) 962.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

In the trial court judgment was rendered in favor of respondent, K. L. Tanner, against petitioners, L. M. Burchfield, R. H. McMinn and J. E. Robinson for $3,014.67 by way of special damages growing out of the sale by petitioners to respondent of some cotton seed to be used for planting. The Court of Civil Appeals suggested a remittitur and, upon the filing thereof by respondent, reformed the trial court's judgment and, as reformed, affirmed same. 175 S. W. (2d) 756.

Various special issues were submitted to the jury relating to the making of the contract and the different elements necessary to be established in order to support a recovery of special damages. The answers of the jury to the issues would have sup-

ported a judgment for respondent but for its answers to Special Issues Nos. 11 and 12. In answering those issues the jury found that, had the cotton seed been sound and suitable for planting, respondent would have grown (11) 30,000 pounds of lint cotton, and (12) 90,000 pounds of cotton seed. Under the pleadings the ratio between cotton seed and lint cotton in seed cotton is as 1,000 pounds is to 500 pounds. The only evidence on the subject was an opinion expressed by one witness to the effect that in the particular kind of cotton here involved such ratio should be from 800 to 1,000 pounds of cotton seed to 500 pounds of lint cotton. It is therefore apparent that, under the pleadings and evidence, one of the answers was wrong and the verdict would not support a judgment. This is conceded by the respondent.

When the verdict was returned by the jury it was read in open court and each juror was asked to stand up and answer whether or not that was his verdict. After each juror had answered that it was his verdict the court ordered that the same be filed by the clerk and the jury discharged. Three days later the respondent, through his attorney, filed in the court a remittitur of "30,000 pounds of cotton seed and the value thereof as found by the jury in answer to Special Issue No. 12." The next day respondent filed a motion for judgment based upon the verdict of the jury and the remittitur. In that motion it was alleged that a unanimous mistake was made by the jury in its answer to Question No. 12 in finding 90,000 pounds to be the weight of the cotton seed which would have been produced instead of 60,000 pounds, and it was prayed that the court hear the testimony of the jury in open court with reference to said unanimous mistake before entering judgment. Nine days later, but during the same term of court, there came on to be heard the motion for judgment, at which hearing all members of the jury were in attendance. Respondent then offered to call the jurors separately and have them testify concerning the alleged mistake. Thereupon the petitioners, through their attorney, agreed that the jurors, if called as witnesses, would testify substantially to the facts stated in an affidavit signed by all of them and attached to respondent's motion. The affidavit was then introduced in evidence as the testimony of the jurors and after the court had considered same and the remittitur, and made adjustments in other portions of the verict necessitated by a change from 90,000 pounds to 60,000 pounds, the respondent, at the court's suggestion, filed a further remittitur and the court rendered judgment in his favor against petitioners based upon a substituted answer of 60,000 pounds for 90,000 pounds.

The Court of Civil Appeals held that the trial court was not authorized to change the verdict by submitting 60,000 pounds as the answer to Issue No. 12 for 90,000 pounds, but, upon its conclusion that the undisputed evidence showed that seed cotton contained not less than 800 pounds of cotton seed to each 500 pounds of lint cotton, and that therefore, the weight of the cotton seed would not have been less than 48,000 pounds, the court permitted the jury's answer to Issue No. 11, that the weight of the lint cotton would have been 30,000 pounds, to stand and substituted 48,000 pounds as an answer to Special Issue No. 12 in lieu of the jury's answer of 90,000 pounds and the trial court's substituted answer of 60,000 pounds. That court then calcuated the value of 48,000 pounds of cotton seed at $44.00 per ton, the value fixed by the jury, and made other adjustments in the judgment in order to make same conform to the substituted finding of 48,000 pounds and upon that basis suggested a further remittitur. Respondent did not concede the right of the Court of Civil Appeals to set aside the trial court's finding and suggest a further remittitur, but, in order to avert a reversal of the judgment, he complied with its suggestion, whereupon that court reformed the trial court's judgment and affirmed same as reformed. The court based its finding of 48,000 pounds solely upon the opinion of one witness, as is reflected by its opinion on rehearing.

The relevant portion of the affidavit of the jurors upon which the trial court modified the verdict and rendered judgment reads as follows:

"That when they came to Question No. 11, they considered the matter of how many bales or fractional bales per acre of seed cotton the plaintiff would have made had said seed that he bought from the defendants been reasonably sound and suitable for planting purposes. That there was no man on the jury that took the position from the evidence that plaintiff would have made less than three-quarters of a bale of cotton per acre; that from three-quarters of a bale or more was the yield the jurors discussed, and finally agreed that plaintiff would have made three-quarters of a bale per acre, and he had 80 acres, and that would be 60 bales. And they figured from the evidence in answering Question No. 11 that the average bale of lint cotton would have weighed 500 pounds, and 60 bales, therefore, would have weighed 30,000 pounds. And this was their method of calculation in arriving at the figure of 30,000 pounds in answer to Question No. 11. And when they came to Question No. 12, in making this calculation for the number of pounds of cotton seed there would have been in this 60 bales of cotton, by unanimous

mistake the jurors added to the 60,000 pounds of cotton seed the weight of the lint cotton, and that is how and why their answers to Question No. 12 was written 90,000 pounds, instead of 60,000 pounds."

■ It is the established rule that relief may be had from the unanimous mistake of the jury in the nature of a clerical error in announcing or transcribing its verdict already arrived at, but is equally well established that such mistake must always be one of that nature as contradistinguished from a mistake in the interpretation of the evidence, or of the charge of the court, or of the legal effect of the answers, or of some other similar mistake. Caylat v. Houston E. & W. T. Ry. Co., 113 Texas 131, 252 S. W. 478. The jurors in this case did not instruct the foreman to write 60,000 pounds in answer to Special Issue No. 12, and the foreman made no mistake in transcribing the verdict; the mistake was made by all of the jurors in misinterpreting the language of the issue. They evidently construed Issue No. 12 as calling for a determination of the weight of the seed cotton which would have been produced, when the issue, in fact, called for a determination of the weight of the cotton seed. Seed cotton is cotton in its natural state, which included both cotton seed and line cotton. The answer resulted from confusion and misunderstanding and not from a clerical error in incorrectly transcribing the answer agreed upon.

This court has not seen fit to extend the rule in the Caylat case, supra, beyond the limits there carefully prescribed, recognizing that:

"Courts should be very slow to overturn the rules long established for the protection of litigatants and the verdicts of juries rendered in due and orderly proceedings. To permit litigants to obtain from jurors, after they have been separated and dispersed from under the direction of the court, affidavits impeaching their verdicts, would be productive of more mischief than good. Certainly, it would not add anything to the verity of verdicts and judgments and safeguard the rights of litigants." Commercial Standard Ins. Co. v. Miller, 48 S. W. (2d) 618, 621. (Com. App.)

■ But, if the mistake should properly be classified as one resulting from a clerical error, it does not follow that the Court of Civil Appeals was authoried to substitute its finding based upon opinion evidence for that of the jury and in that way amend the verdict so that it would support a judgment. That court correctly held that the trial court could not substitute

60,000 pounds for 90,000 pounds as the answer to Issue No. 12, but we are led to no other conclusion than that it, in effect, fell into the same error by substituting 48,000 pounds for the jury's answer thereto. The Caylat case, supra, expressly and directly holds that after a jury has been discharged and its members have separated the only remedy for a mistake in the nature of a clerical error in transcribing a verdict is to set aside the verdict and grant a new trial. That is the relief and the only relief which the court is authoried to grant. In that opinion the court quoted with express approval from the case of Westen v. Gilmore, 63 Me. 493, this conclusion:

"Where the error has been committed by the jury, either by returning a verdict for the wrong party, or for a larger or smaller sum than they intended, and by the amendment proposed the verdict would be reversed, or the damages increased or diminished, and the substantial rights of the parties thus changed, when the verdict has been affirmed in open court, and the jury have separated and become accessible to the parties, the only remedy for a mistake is by setting the verdict aside and granting a new trial."

This case falls well within that rule. The damages were certainly increased by the amendment, for without it no damages at all could have been awarded for loss of cotton seed.

■ We cannot agree that the judgment of the Court of Civil Appeals is authorized by Rules 439-440, R. C. P., relating to remittitur. The vice in the trial court's judgment was not that same was excessive in amount; its vice lay in the fact that the court had no authority to substitute its finding for that of the jury and in that way prevent what would otherwise have been, in the light of the pleadings and evidence, a conflict in findings. The question is one of authority to render judgment rather than one of excessiveness in the amount of the award.

The judgments of the courts below will both be reversed and the cause remanded to the trial court.

Opinion adopted by the Supreme Court March 8, 1944.

Rehearing overruled April 5, 1944.