The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

**Amalio S. NEVAREZ, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellee.**

**No. 3690.**

Court of Civil Appeals of Texas.

Waco.

Feb. 25, 1960.

Rehearing Denied March 24, 1960.

Brady, Drake & Yates, Dallas, for appellant.

Dickens & Dickens, Marlin, for appellee.

McDONALD, Chief Justice.

Plaintiff Nevarez, a section hand for the Missouri Pacific Railroad, defendant, brought this suit against his employer under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages resulting from injuries he received to his back on or about 26 September 1957, while undertaking to align a portion of defendant's railroad track. Trial was to a jury which, in answer to special issues, found:

1) Plaintiff sustained injuries on 26 September 1957 while attempting to lift and shove an aligning bar on the tracks of defendant.

2) On the occasion in question defendant did not fail to furnish plaintiff with adequate tools to safely perform such job.

3) and 4) Unanswered.

5) The agents, servants, or employees of defendant failed to warn plaintiff that he was not being provided a safe method of performing the task required of him.

6) Such failure to warn plaintiff was negligence.

7) Such negligence was not a proximate cause of plaintiff's injuries.

7-A) The defendant failed to provide plaintiff a safe method to perform the task required of him.

7-B) Such failure was negligence.

7-C) Such failure was not a proximate cause of plaintiff's injury.

8) (The damage issue) Answered: $13,600.

9) Plaintiff failed to keep a proper lookout for his own safety.

10) Such failure was a proximate cause of plaintiff's injuries.

11) Such failure was not the sole proximate cause of plaintiff's injuries.

12), 13), 14), 15), 16), 17), 18), 19), 20), 21), 22), 23). Acquit plaintiff of any additional acts of contributory negligence.

24) Finds that plaintiff's negligence bears 50% on the entire negligence of plaintiff and defendant.

On the foregoing verdict the Trial Court rendered judgment that plaintiff take nothing, reciting, "since the jury found that no act of the defendant was a proximate cause of any injury suffered by the plaintiff."

After entry of the foregoing judgment plaintiff filed motion and amended motion for new trial. The Trial Court, after hearing on such motions, overruled same.

Plaintiff appeals on 14 points which present the following contentions:

1) A clerical error was made in recording the answer by the jury to Issues 7 and 7–C.

2) The answers of the jury to Issues 7–C, 7, 9 and 10 are unsupported by the evidence, and/or are against the great weight and preponderance of the evidence so as to be manifestly unjust.

3) The Trial Court erred in refusing to submit to the jury plaintiff's requested Issue 3.

4) The Trial Court incorrectly submitted Issue 7–C to the jury.

5) The answers of the jury to Issues 8 and 24 are in irreconcilable conflict with their answers to Issues 7 and 7–C.

We revert to plaintiff's first contention, that a clerical error was made in recording the answers of the jury to Issues 7 and 7–C. Such issues inquired of the jury if such negligence as inquired about in preceding issues was a proximate cause of plaintiff's injuries. The jury answered both issues "*No*". Plaintiff attached to his motion for new trial affidavits of six of the jurors who sat in the case. Such affidavits state that it was unanimously agreed that each of the failures on the part of the defendant (Issues 5 and 7–A.) was negligence (Issues 6 and 7—B); and that it was further unanimously agreed that each was a proximate cause of plaintiff's injury and unanimously agreed that Issues 7 and 7–C should be answered "*Yes*". The affidavits further stated that the affiant had seen a copy of the issues submitted by the court and that if Issues 7 and 7–C had the answer "No" written in, such answers are wrong and a mistake was made in filling same in.

■ It is well established that relief may be had from the unanimous mistake of the jury in the nature of a clerical error in announcing or transcribing its verdict already arrived at. Burchfield v. Tanner, 142 Tex. 404, 178 S.W.2d 681; Caylat v. Houston, E. & W. T. R. Co., 113 Tex. 131, 252 S.W. 478.

■ As noted, a hearing was had on plaintiff's motions for new trial, at which plaintiff presented the affidavits of the six jurors. At such hearing three other members of the jury, including the foreman, testified that all of the answers to the issues were recorded exactly as the jury had voted. Consequently the error, if any, could not have been unanimous. The Trial Court overruled the plaintiff's motions for new trial. No findings of fact or conclusions of law were requested of or filed by the Trial Court. We presume that the Trial Court found all fact issues having support in the evidence in favor of the judgment. Bostwick v. Bucklin, 144 Tex.

375, 190 S.W.2d 818. Contention 1 is overruled.

■ Plaintiff's second contention is that the jury's answers to Issues 7–C, 7, 9, and 10 are without support in the evidence and/or that such answers are against the great weight and preponderance of the evidence. We think the evidence is ample to support the findings. See: In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Contention 2 is overruled.

■ Plaintiff's third and fourth contentions are that the Trial Court should have used the word "*a*" proximate cause rather than "*the*" proximate cause as was used in Issue 7–C. Plaintiff requested the submission of an issue using the word "*a*" rather than "*the*", but insofar as the record before us discloses, plaintiff did not object to the issue as submitted. We do not think the Trial Court erred in this respect. Moreover, in view of the jury's answer to Issue 7, which used the word "a", as well as the record as a whole, we conclude the matter, if error, was harmless under Rule 434, Texas Rules of Civil Procedure. Moreover, under such rule the plaintiff has not discharged his burden to show that such matter, if error, probably caused the rendition of an improper judgment. Contentions 3 and 4 are overruled.

■ Plaintiff's fifth contention is that the jury's answers to Issues 8 and 24 are in irreconcilable conflict with the jury's answers to Issues 7 and 7–C. We fail to perceive such contended conflict. The defendant here was acquitted of any primary proximate cause. See Montgomery v. Pagan, Tex.Civ.App., 324 S.W.2d 251 (no writ hist.); Nelson v. Dallas Ry. & Terminal Co., Tex.Civ.App., 302 S.W.2d 436, W/E Ref. NRE, Contention 5 is overruled.

We have carefully examined plaintiff's points and the contentions therein made and find no reversible error. The judgment of the Trial Court is affirmed.