Gabriel CAMACHO, d/b/a Camacho Box Company, Appellant,

v.

SULLIVAN TRANSFER COMPANY, Appellee.

No. 5980.

Court of Civil Appeals of Texas, Waco.

Feb. 15, 1979.

Seferino C. Dominguez and Edmund Gomez, Dallas, for appellant.

Michael W. Anglin, Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Camacho (tenant) from judgment for plaintiff Sullivan (landlord) for rent.

Plaintiff sued defendant for 3 months rent alleging defendant agreed to pay 30¢ per month per square foot as rent; and alternatively for the reasonable value of 3 months rent on the basis of quantum meruit.

Trial was before the court which found that plaintiff furnished defendant 10,000 square feet of storage area in plaintiff's warehouse; that the storage space was reasonably worth 15¢ per square foot per month; that defendant occupied the space for 3 months for a total reasonable value of $4,500. quantum meruit. The trial court rendered judgment for plaintiff for such $4,500. (plus $675. special damages, not here complained of).

Defendant appeals on one point:

"The trial court was incorrect in holding that the defendant was liable to the plaintiff for the rental fee of 15¢ per square foot per month for the period of defendant's occupancy as a reasonable rate under quantum meruit".

In September 1976 defendant's agent contacted plaintiff about defendant renting 10,000 square feet of warehouse space from plaintiff. Plaintiff advised it would rent defendant the space, and on October 7, 1976 defendant moved his merchandise into plaintiff's warehouse. The parties disputed the rent defendant had agreed to pay. Plaintiff asserted it was 30¢ per square foot per month; defendant asserted it was 30¢ per square foot per year. Defendant paid no rent and on October 29, 1976 plaintiff requested defendant to move. Defendant did not move and plaintiff instituted Forcible Entry and Detainer proceedings in the Justice Court and secured a Judgment for restitution of the premises on November 17, 1976. Defendant did not vacate the premises until January 7, 1977.

■ The principle of recovery on quantum meruit is founded on the rule that it is inequitable for a party to refuse to pay for benefits received or for work performed for him with his knowledge and consent by someone who is authorized to expect remuneration therefor. *Kramer v. Wilson*, CCA (Ft. Worth) 226 S.W.2d 675; *Kendall v. Plastic Engineering & Sales Corp.*, CCA (Ft. Worth) NRE, 350 S.W.2d 661.

■ Defendant occupied plaintiff's premises for 3 months without payment of any rent and refused to vacate when requested to by plaintiff after misunderstanding as to the rent surfaced.

There is evidence from a disinterested witness that 25 to 30¢ per foot per month for facilities of plaintiff would be a reasonable rental; there is evidence plaintiff is renting its space for 30¢ per square foot per month to other tenants; there is evidence that plaintiff's cost in furnishing its warehouse space for rental amounts to 17¢ per square foot per month.

Defendant's point is overruled.

AFFIRMED.