W. Douglas STINE and First City National Bank of Houston, Independent Co-Executors of the Estate of Joe C. Stine, Deceased, Appellants,

v.

Dana Sue STINE, Appellee.

No. 17469.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 15, 1979.

Dohoney, Collier, Cartwright & Wandel, N. Wyatt Collier, Houston, for appellants.

Able & Coleman, Tom F. Coleman, Jr., Houston, for appellee.

EVANS, Justice.

This action was originally brought by Joe C. Stine, one of 20 employee participants in a group annuity contract issued by California Western State Life Insurance Company under a contract between Joe C. Stine, Inc. and The Rucker Company. In his original petition Stine named California Western and The Rucker Company as defendants and sought a declaratory judgment with respect to the benefits due him under the annuity contract, injunctive relief incidental thereto, and, alternatively, a money judgment for paid-in premiums held in the pension plan fund.

Stine died during the pendency of this action, and his independent executors were substituted as parties plaintiff. His former wife, Dana Sue Stine, then intervened, filing a cross-action against The Rucker Company and California Western. At the time of trial, the original defendants, California Western and The Rucker Company, paid into the registry of the court the sum of $97,291.64, representing Stine's retirement benefits under the contract. Dana Sue Stine was then designated as plaintiff and the co-executors of Stine's estate as defendants for determination of the remaining issues in dispute: (1) whether the beneficiary card designating Dana Sue Stine as the beneficiary of Stine's death benefits was a forgery; (2) whether Joe C. Stine, prior to his death, became vested with ownership of the contract proceeds, thereby extinguishing the rights of Dana Sue Stine under the beneficiary designation.

The jury found that the signature of Joe C. Stine on the beneficiary card was not a forgery, and the trial court entered judgment in favor of the plaintiff, Dana Sue Stine, for the amount on deposit in the court's registry. The defendants, co-executors of the estate of Joe C. Stine, deceased, bring this appeal.

In their first four points of error the defendants challenge the sufficiency of the evidence to support the jury's findings on the forgery issue, contending that the trial court erred in overruling their motion for judgment notwithstanding the verdict.

A point of error complaining that the trial court erred in denying a motion for judgment n. o. v. challenges only the legal sufficiency of the evidence even though the point may contain terms complaining that the evidence is insufficient to support the jury's finding or is against the great weight and preponderance of the evidence. *Chemical Cleaning, Inc. v. Chemical Cleaning Equipment Service, Inc.,* 462 S.W.2d 276 (Tex.1970); *Schad v. Williams,* 398 S.W.2d 603 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.). Similarly, a point of error complaining that the trial court erred in denying a motion for judgment n. o. v. because an ultimate fact was established by the undisputed evidence, asserts that there is no evidence to the contrary. *Royal Indemnity Company v. Hume,* 477 S.W.2d 683 (Tex. Civ.App.—San Antonio 1972, no writ). The defendants first four points of error will therefore be treated as "no evidence" points, challenging only the legal sufficiency of the evidence.

In considering points challenging the legal sufficiency of the evidence, this court will consider only that evidence which, when viewed in its most favorable light, tends to support the jury's finding, and it will disregard all evidence leading to a contrary conclusion. *Lee v. Lee,* 424 S.W.2d 609 (Tex.1968). Thus, if there is probative evidence supporting the finding of the jury, the defendant's points of error must be overruled.

There is testimony in support of the jury's finding that the signature of Joe C. Stine on the beneficiary card was not a forgery. Several witnesses testified that the signature appeared to be in the handwriting of the decedent, and although there was some testimony to the contrary, the jury was entitled to believe that the signature on the beneficiary card was that of Joe

C. Stine. It was for the jury to resolve any contradictions or inconsistencies in the testimony and to judge the credibility of the witnesses and the weight to be given their testimony. *Johnson v. Buck,* 540 S.W.2d 393 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.) This court may not pass upon the credibility of witnesses or substitute its findings for those of the trier of fact. *Burchfield v. Tanner,* 142 Tex. 404, 178 S.W.2d 681 (1944). The defendants first four points of error are overruled.

In their fifth point of error, the defendants contend that the trial court erred in overruling their motion for judgment notwithstanding the verdict because the evidence conclusively establishes that Joe C. Stine, prior to his death, became vested with the proceeds of the group annuity contract.

■ Under this point the defendants first argue that Stine's employment by Joe C. Stine, Inc. was terminated on April 30, 1970, when its assets were acquired by a successor company, Houston Systems Manufacturing Company, and that when Joe C. Stine brought this action on December 14, 1973, against California Western and The Rucker Company, his action constituted an unqualified demand for return of premiums paid in under the contract. The defendants contend that this action gave Joe C. Stine the right, under the contract, to compel payment of the paid-in premiums and that such right belonged to Stine at the time of his death.

The group annuity contract provides that employment terminates upon the "cessation of active service with the employer". The word "employer" is defined as "Joe Stine, Inc., or its successor." Upon the termination of a participant's employment for some reason other than death or retirement, he was entitled under the terms of the contract to demand return of the paid-in premiums, but so long as his employment continued, he was not entitled to terminate the contract or to demand the return of the paid-in premiums. It is undisputed that Joe Stine, Inc. was succeeded by Houston Systems Manufacturing Company and that Joe

C. Stine continued his employment with the latter company, acting as its President until his death. Therefore, there was no cessation of Stine's active service with his employer prior to his death.

The defendants rely upon the case of *Pan American Life Ins. Co. v. Garrett,* 199 S.W.2d 819 (Tex.Civ.App.—El Paso 1946 no writ), in support of their position that the transfer of assets from the J.V.C. Corp. to Houston Systems Manufacturing Company constituted a termination of the employment relationship. In that case the terms of an insurance policy issued on lives of the employees of a certain company provided for the termination of the policy coverage with respect to any employee whose employment with the company was terminated. The court in that case held that the employees' employment status was terminated under the terms of the insurance policy upon the sale of the employer's assets to another company. The facts in *Pan American Life* are distinguishable from the circumstances in the case at bar. In the case before this court, the group annuity plan designated each employee participant by name, and the terms of the plan continued in effect as to each employee notwithstanding a succession in ownership of the corporate assets.

■ The defendants also contend that the original group annuity contract was terminated on January 27, 1972, by reason of a transfer of all the contract funds from California Western to The Rucker Company and the delivery of a release from Rucker to California Western. The defendants argue that the rights of the plaintiff under the beneficiary card were those of a contingent beneficiary and that such rights were extinguished by this transaction because it effectively nullified the annuity contract.

The record reflects that in August 1967, Joe C. Stine, Inc. was succeeded by J.V.C. Corp., a subsidiary of The Rucker Company, and that about three years later J.V.C. Corp. contracted to sell the assets of Joe C. Stine, Inc. to Houston Systems Manufacturing Corp. In connection with this transaction, a group retirement annuity contract, bearing the same contract number as the

earlier contract, was issued by California Western to J.V.C. Corp. effective May 1, 1970. All of the funds that had accrued under the initial contract were transferred to the subsequent contract fund, and Joe C. Stine was listed as one of the participants in such fund. Subsequently, the administration of the group annuity contract was transferred from California Western to the Bank of America, and all of the initial funds deposited, plus accrued interest, and less payments made to beneficiaries, were transferred to the new administrator.

The release agreement executed by the J.V.C. Corp. (formerly Joe C. Stine, Inc.) and The Rucker Company in favor of California Western expressly states that the annuity fund was transferred to the Bank of America, as trustee of the Joe Stine, Inc. pension plan, "for the benefit of participants or their beneficiaries" participating under the terms of the group annuity contract. Thus, it is evident from the face of document itself that the transaction merely effected a change in the administrator of the contract fund and that the transfer of such funds to the new administrator did not, under the amended plan, constitute a termination of the contract between the administrator and the participants.

The trial court's judgment is affirmed.

PEDEN and WARREN, JJ., also participating.