KINNER TRANSPORTATION & ENTERPRISES, INC. d/b/a K. T. & E., Inc., Appellant,

v.

The STATE of Texas, Appellee.

No. 5629.

Court of Civil Appeals of Texas, Eastland.

March 19, 1981.

Rehearing Denied April 16, 1981.

Larry G. Byrd, Williams, Byrd & Hag-
lund, Lufkin, for appellant.

Phyllis B. Schunk, Asst. Atty. Gen., Aus-
tin, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case. Suit
was instituted by the State of Texas
against Kinner Transportation & Enterpris-
es, Inc. d/b/a K.T. & E., Inc. at the request
of the License and Weight Division of the
Texas Department of Public Safety to de-
termine the extent of authority granted by
Specialized Motor Carrier Certificate of
Convenience and Necessity, No. 35140 held
by Kinner. The State contended that Kin-
ner was not authorized by its certificate to
transport plywood, fiberboard, and other
manufactured wood products. Kinner con-
tended that its certificate authorized the
transporting of "timber" which term would
include plywood, fiberboard and other man-
ufactured wood products. The State's mo-
tion for summary judgment was granted.
Kinner appeals. We reverse and remand.

Kinner argues first that the trial court
erred in granting summary judgment be-
cause there are genuine issues of material
fact. Kinner asserts that the stipulation
between the parties cannot be used in a
summary judgment proceeding because it
recited that the stipulation "shall be con-
sidered by the Court upon a trial on the
merits of this case."

A stipulation has been held to be such an
admission as to constitute a waiver of proof
as to the matters stipulated. *International
Security Life Insurance Company v. Rosson*,
466 S.W.2d 52 (Tex.Civ.App.—Amarillo
1971, error dism'd); *Reasoner v. State*, 463
S.W.2d 55 (Tex.Civ.App.—Houston [14th
Dist.] 1971, writ ref'd n. r. e.); *Skillern &
Sons, Inc. v. Stewart*, 379 S.W.2d 687 (Tex.
Civ.App.—Fort Worth 1964, writ ref'd n. r.
e.). Our Supreme Court in the *City of
Houston v. Clear Creek Basin Authority*,
589 S.W.2d 671 (Tex.1979), sustained a sum-
mary judgment which was based in part on
stipulations.

Under the stipulation at issue Kin-
ner agreed that it owned Specialized Motor
Carrier Certificate No. 35140, that it trans-
ported plywood and fiberboard as shown by
Exhibit "B" of Plaintiff's Original Petition,
that Exhibit "A" of Plaintiff's Original Pe-
tition is a true and correct copy of Certifi-
cate No. 35140 and accurately reproduces
the authority held by Kinner on the dates
shown on Exhibit "B" of Plaintiff's Original
Petition, and that all movements alleged in
Exhibit "B" were made under and pursuant
to Certificate No. 35140. We hold that
Kinner did not stipulate to these facts in
connection with the State's motion for sum-
mary judgment and, therefore, these are
unresolved issues of material fact. Tex.R.
Civ.P. 166–A; *Wilcox v. St. Mary's Univer-
sity of San Antonio, Inc.*, 531 S.W.2d 589
(Tex.1975).

A stipulation is a contract between
the parties to a proceeding. *First National
Bank in Dallas v. Kinabrew*, 589 S.W.2d 137
(Tex.Civ.App.—Tyler 1979, writ ref'd n. r.
e.). Its use may be limited to only a part of

the proceedings. *Hommel v. Southwestern Greyhound Lines*, 195 S.W.2d 803 (Tex.Civ. App.—Fort Worth 1946, no writ); 53 Tex. Jur.2d Stipulations § 15 (1964). As stated by the court in *United States Fire Insurance Company v. Carter*, 468 S.W.2d 151 (Tex.Civ.App.—Dallas 1971), writ ref'd n. r. e. per curiam, 473 S.W.2d 2 (Tex.1971):

A stipulation is an agreement or contract between the parties made in a judicial proceeding in respect to some matter incident thereto and for the purpose, ordinarily, of avoiding delay, trouble and expense. While a stipulation is one of the favorites of the law yet to be effective it must possess the essential characteristics of a binding agreement. Being a contract the stipulation must truly express the intentions of the parties making same. A court will not construe a stipulation so as to effect an admission of something intended to be controverted or so as to waive a right not plainly agreed to be relinquished. *King v. Elson*, 30 Tex. 246 (1867). Moreover, a stipulation will be limited in effect to what is imported by its terms, and a conditional stipulation will not support a judgment where there is no showing that the condition has been complied with. *Board of Insurance Commissioners v. Highway Insurance Underwriters*, 169 S.W.2d 541 (Tex.Civ.App., Austin 1943); *H. B. Zachry Co. v. Maerz*, 223 S.W.2d 552 (Tex. Civ.App., San Antonio 1949); *Wyss v. Bookman*, 235 S.W. 567 (Tex.Comm.App., Sec. B., 1921, approved by S.Ct.); *Matthews v. Looney*, 123 S.W.2d 871 (Tex. Comm.App.1939).

We note that the contested stipulation was entered into approximately three months prior to the hearing on the motion for summary judgment, and its use at the summary judgment hearing was opposed by Kinner in its response to the State's motion. The issue is whether there is a distinction between a trial on the merits and a summary judgment proceeding because the stipulation was agreed upon in connection with its use upon "a trial on the merits." Our Supreme Court recognized such a distinction in *Kelley v. Bluff Creek Oil Company*, 158 Tex. 180, 309 S.W.2d 208 (1958).

The stipulation, being limited to use upon a trial on the merits, did not constitute summary judgment proof. We sustain Kinner's point of error. The judgment is reversed and the cause remanded.