**KINNER TRANSPORTATION & ENTERPRISES, INC., d/b/a K.T. & E., Inc., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13600.**

Court of Appeals of Texas, Austin.

Nov. 3, 1982.

Rehearing Denied Jan. 12, 1983.

Larry G. Byrd, Gregory L. Longino, Williams & Byrd, Austin, for appellant.

Mark White, Atty. Gen., Phyllis B. Schunch, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

POWERS, Judge.

Appellant, Kinner Transportation Enterprises, Inc., appeals a judgment of the trial court which permanently enjoins appellant from transporting plywood, fiberboard, or any other manufactured wood product not specifically named in appellant's specialized motor carrier certificate of convenience and necessity, issued by the Texas Railroad Commission. We will affirm the judgment of the trial court. 614 S.W.2d 188 (Tex.Civ. App.1981).

The certificate authorizes appellant to transport for hire certain commodities named therein, namely:

poles, piling, ties, timber and posts weighing 2,000 pounds or more in a single piece or in bales or bundles of 2,000 pounds or more, or when such commodities because of physical characteristics other than weight, require the use of "special devices, facilities or equipment" for the safe and proper loading or unloading and transportation thereof.

The trial court found that appellant has, in the past, transported for hire plywood, fiberboard, and other manufactured wood products, believing itself legally entitled to do so under its interpretation of the word "timber," included in appellant's certificate. Appellant's interpretation is to the effect that the word "timber" includes plywood, fiberboard, and other manufactured wood products. The trial court, disagreeing with appellant's interpretation, concluded as a matter of law that the word "timber" does not have the meaning attributed to it by appellant, and rendered judgment accordingly, as requested by the State of Texas, appellee. The issue on appeal is the correct legal meaning to be assigned the word "timber," a question of law which appellant contends was erroneously resolved by the trial court.

We hold the word "timber," as used in appellant's certificate, does not reasonably include within its meaning any manufactured wood products, such as plywood and fiberboard, but includes only trees not worked upon beyond their being felled and subjected to such other processing as may be reasonably necessary to facilitate their transportation by motor carrier, for example, removing limbs from the fallen trees and sawing the logs to lengths suitable for transport by motor carrier.

Appellant relies solely upon common usage of the word "timber," as such usage is described in numerous dictionary definitions. In common usage, the word "timber" includes (but is not limited to) any large piece of lumber which is squared, dressed, or susceptible of use in building or carpentry. Therefore, common usage would, for example, permit one to refer to wooden plywood or fiberboard as "timber," for they are relatively large and are obviously suitable for use in building and carpentry. Nevertheless, we reject appellant's contention for several reasons.

The word "timber," as used in appellant's certificate, is susceptible of at least two reasonable meanings, in common usage, which is to say that it possesses a latent ambiguity, its precise and controlling connotation being dependent upon the circumstances in which it is used.[1] These extrinsic circumstances include, in the case before us, the rather important fact of motor carrier regulation by the State and the public interest served thereby.

Without express authority, evidenced by a certificate of public convenience and necessity, appellant would have no right to carry any commodities for hire over public roads. Tex.Rev.Civ.Stat.Ann. art. 911b § 2 (1964). If there is any doubt as to the extent of the authority described in a certificate, such doubt must generally be resolved in favor of the public and an express grant of authority will not be ex-

---

1. Appellee points out that in common usage, and in addition to meaning fallen or standing trees, and in addition to the meaning contended for by appellant, "timber" may mean "the bony structure in a dog," "ten eelskins," or "having no ear for music." Webster's New International Dictionary, Unabridged, p. 2648 (1959).

panded by implication. *Hempstead v. Gulf States Utilities Co.,* 146 Tex. 250, 206 S.W.2d 227, 229–31 (1947); *East Line & Red River Ry. Co. v. Rushing,* 69 Tex. 306, 6 S.W. 834, 837 (Tex.1887).

Were we to hold that the legal effect of a commodity being named in a certificate may be enlarged by implication to authorize the transportation of any article which may possibly be manufactured from the commodity expressly named, we see no meaningful or practical way for the Texas Railroad Commission to implement the application, notice, and hearing requirements of Tex.Rev.Civ.Stat.Ann. art. 911b, §§ 5a(c)(3), 10(4), 11, 12 (1964), for these administrative functions would thereby be expanded to such an extent as to be unmanageable. For example, section 10(4) requires an applicant to "point out" where existing motor carrier service is inadequate along the routes sought to travelled by the applicant and to "specify" where additional service is required, and would be secured by the Commission's granting the authority sought by the applicant. Appellant's theory that this may be done in reference to an elastic class of commodity sought to be transported, which class contains numerous and well-recognized subclassifications of property susceptible of being shipped by motor carrier but not expressly named, is contrary to the statutory requirement of specificity.

The administrative context, wherein the word "timber" finds its relevant meaning, therefore dictates that we give to the word a narrow meaning analogous to the other words which narrowly limit the commodities permitted to be carried by appellant for hire, as they appear on the face of appellant's certificate, that is, "poles," "piling," "ties," and "posts." And when we find the word "timber" listed in a series of such words, the conclusion is inescapable that the authority granted appellant in the word "timber" is similarly narrow. The listing of these other wood products would be mere surplusage under the elastic meaning contended for by appellant—they may, in common usage, each be included within the word "timber," according to the dictionary definitions upon which appellant relies.

Finding no error, we affirm the judgment of the trial court.

