**Edward R. HOFFMAN, et ux.,**
**Appellants,**

v.

**DECK MASTERS, INC., Appellee.**

**No. 13–83–219–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 8, 1983.

Randal Mathis, Strasburger & Price, Dallas, for appellants.

Sandy M. Sandoloski, Sandoloski, McManus & Weinberg, Dallas, for appellee.

Before UTTER, BISSETT and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a judgment rendered in favor of appellee. Appellee brought suit to recover (1) the balance due on the original contract price for construction of a redwood deck built for appellants by appellee; and, (2) the reasonable value of certain "additions and extras" later agreed upon by the parties, either pursuant to the contract or, in the alternative, in quantum meruit. Appellants denied that any amounts were due for the balance of the original contract price or for the "additions and extras" because of partial or complete failure of consideration. Appellants counter-claimed alleging breach of contract, fraud and misrepresentation, and breach of implied warranties, and seeking damages resulting therefrom and an offset, if appropriate. The issues presented in this case are: (1) whether the trial court erred in awarding attorney's fees to appellee as the "winning party"; (2) whether Special Issue No. 3 (regarding the amount owed for work performed under the original contract) was the controlling issue which made Special Issues 4, 5, and 6, (regarding the "additions and extras" agreed upon by the parties) evidentiary and immaterial; and (3) whether there had been clerical error in the jury's verdict and/or jury misconduct which would have warranted reformation of the jury verdict, reconstitution of the jury, a judgment notwithstanding the verdict, or a new trial. We affirm the judgment of the trial court.

On April 4, 1980, the parties entered into a written contract for the construction of a redwood deck to surround a swimming pool at the residence of appellants. Pursuant to the contract, appellants paid appellee a total of $15,840.00 in two equal installments. The balance of $3,958.40 of the original contract price was to be paid at the time of the final billing following completion of the deck. Any changes from the original plan (the "additions and extras" to be later agreed upon) were, also, to be billed at the time of the final billing. After the deck had been completed, appellee submitted his final bill, which contained the final amount due on the original contract plus charges for the "additions and extras". Appellants did not pay the final sum of $3,958.40 of the original contract price and withheld payment of $7,994.00 representing charges for "additions and extras". Appellants refused to pay the final bill allegedly because the deck had not been properly constructed in a good and workmanlike manner and had been constructed with a substituted lower grade of redwood lumber than that required under the original contract.

After the jury returned its verdict, both parties filed motions for judgment. Appellee's motion for judgment sought recovery for the reasonable value ($8,352.00) of the "additions and extras" agreed upon by the parties to be performed as found in Special Issues No. 4, 5 and 6, less an offset for the amount of damages ($2,000.00) suffered by appellants as found in Special Issue No. 21, plus attorney's fees as per stipulation of the parties. Appellants' motion for judgment asserted that Special Issue No. 3, in which the jury found that no further sums of money were owed under the original contract, was the controlling issue and that Special Issue Nos. 4, 5 and 6 should be ignored because they were just various shades and phases of Special Issue No. 3; consequently, appellants urged in their motion for judgment that no further sums of money were owed by appellants to appellee as per Special Issue No. 3 and that judgment should be entered for damages suffered ($2,000.00) by appellants as found in Special Issue No. 21, for increased damages under the Deceptive Trade Practices Act, and for attorney's fees as per stipulation of the parties. The trial court granted appellee's motion for judgment and rendered judgment in favor of appellee for $6,351.00 in net damages, the stipulated amount of attorney's fees and costs.

In their first point of error, appellants assert that the trial court erred in awarding attorney's fees to appellee pursuant to an agreement between the parties that the winning party would be entitled to a stipulated amount of attorney's fees. As appellants point out in their brief, stipulations between parties amount to a contract between the parties, and they are subject to judicial interpretation and construction. *Amoco Production Co. v. Texas Electric Service Co.*, 614 S.W.2d 194 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Kinner Transportation & Enterprises, Inc. v. State of Texas*, 614 S.W.2d 188 (Tex.Civ.App.—Eastland 1981, reversed on other grounds 644 S.W.2d 69 (Tex.1982)). In its common usage, the phrase "winning party" is synonymous with "prevailing party" and "successful party". Black's Law Dictionary, Revised 5th Edition (West Publishing Co. 1979), defines "prevailing party" as "that one of the parties to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of his original contention". Rule 131, TEX.R. CIV.P., provides, in part, "a successful party to a suit shall recover of his adversary all costs incurred therein, . . . ." At trial, appellee was the winning, prevailing and successful party in this case. *Davis Masonry, Inc. v. B–F–W Construction Co., Inc.*, 622 S.W.2d 144 (Tex.Civ.App.—Waco 1981, no writ). So, by their own agreement, appellee, and not appellants, was entitled to attorney's fees.

Also, by analogy, as attorney's fees are not recoverable under TEX.REV.CIV. STAT.ANN. art. 2226 (Vernon Supp.1982–1983) by a plaintiff whose damages are less than those awarded a defendant on a counter-claim, attorney's fees are not recoverable under Art. 2226 by a defendant whose damages on a counter-claim are less than those awarded to the plaintiff on his claim. *See LQ Motor Inns, Inc. v. Boysen*, 503 S.W.2d 411 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). Appellants' first point of error is overruled.

In their second point of error, appellants assert that the trial court erred in granting appellee's motion for judgment and in denying appellants' motion for judgment. Appellants argue that the jury finding in Special Issue No. 3 that no further money was due under the terms of the original contract was the controlling issue among appellee's special issues and that the jury's findings in Special Issue Nos. 4, 5 and 6 regarding the "additions and extras" were just various shades and phases of Special Issue No. 3. Appellants urge that Special Issue Nos. 4, 5 and 6 were "cumulative" and, as such, were improperly considered by the trial court in its rendition of judgment. It is implicit in appellants' arguments that the "additions and extras" provided by appellee were performed under the original contract and that, in accordance with Special Issue No. 3, appellants should owe no further money whatsoever for the work performed, including the "additions and extras, which were a part of the original contract."

As appellee correctly points out in his brief, Special Issue No. 3, which deals with recovery on the original contract, does not control Special Issues 4, 5 and 6, which pertain to a separate cause of action in quantum meruit. Where an express contract is silent as to some point or matter, recovery may then be had on an implied contract. *See Cage Brothers v. Cage*, 382 S.W.2d 169 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.). The right to recover in quantum meruit is independent of a claim on express contract and is based upon a promise implied in law to pay for beneficial services rendered knowingly accepted. *Campbell v. Northwestern National Life Insurance Co.*, 573 S.W.2d 496 (Tex.1978). Special Issue No. 3, the alleged controlling issue, refers to the work performed under the original contract. Special Issues 4, 5 and 6 refer to the charges for additional services not covered by the original contract. Appellee was entitled to the submission of controlling issues for each ground of recovery plead and proven; all of these controlling issues are properly to be considered by the trial court in the rendition of its judgment. Rules 277 and 279, TEX.R.

CIV.P. The trial court properly considered Special Issue Nos. 4, 5 and 6 separate and apart from Special Issue No. 3. Appellee, therefore, was entitled to recover in quantum meruit on the "additions and extras" charges for which the jury found that the charges were requested by appellants, that they were performed in a good and workmanlike manner, and the reasonable value of those charges. *See Campbell,* at 498; *Camacho v. Sullivan Transfer Co.,* 577 S.W.2d 793 (Tex.Civ.App.—Waco 1979, no writ). Appellants' second point of error is overruled.

In their third point of error, appellants assert that the trial court erred in entering judgment for appellee as the verdict of the jury was "against the greater weight and preponderance of the evidence." Appellants argue that there was "no evidence" which would have formed the basis for the jury's findings that appellants were damaged in the amount of only $2,000.00. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L. Rev. 359 (1961). Appellants, by their terminology, are obviously confusing a "no evidence" point and an "insufficient evidence" point; but, regardless of whichever type of evidentiary point is intended, we hold that the evidence is sufficient to support the jury's findings as to damages suffered by appellants. Appellants' third point of error is overruled.

In their last five points of error, appellants assert that the trial court erred in overruling several of appellants' motions, which urged the existence of clerical error in transcribing the verdict and/or jury misconduct.

Appellants were able to secure affidavits from eight of the jurors which, as appellants suggest, may indicate that the jury may have reached the conclusion that approximately $12,000.00 was owed by appellants to appellee on the original contract, which included the billings for the "additions and extras", but that appellants had been damaged in the amount of approximately $14,000.00; therefore, it was the approximate difference of $2,000.00, which the jury awarded appellants as damages in Special Issue No. 21, after awarding appellee no further money under the original contract in Special Issue No. 3. Appellants, however, note in their brief that the total amounts found as the reasonable value for the "additions and extras" do not equal approximately $12,000.00. Appellants contend that the obvious intent of the jury was expressed in Special Issues 3 and 21, the net result being an award of $2,000.00 to appellants. Appellants, in support of their contention, further suggest that, in Special Issues 4, 5 and 6, the jury found the value of those services, but that, in Special Issue No. 3, the jury found that appellee should not be paid for the value of his services as it was more than offset by the amount of damages suffered by appellants.

Appellants urge that they seek to impeach the jury verdict not by means of probing the mental processes of the minds of the jurors but by means of the jurors' actual responses in Special Issues Nos. 3, 4, 5, 6 and 21 which contain what amounts to error in placing upon the verdict itself the results of the mathematical calculations made by the jury.

If there is a clerical error in the jury verdict itself, relief may be had from the *unanimous* mistake of the jury in the nature of a clerical error and in announcing or transcribing its verdict already arrived at. *Burchfield v. Tanner,* 142 Tex. 404, 178 S.W.2d 681 (1944); *Nevarez v. Missouri Pacific Railroad Co.,* 333 S.W.2d 394 (Tex.Civ. App.—Waco 1960, no writ). In the instant case, the trial court did not have affidavits from all of the jurors before it; therefore, appellants were not entitled to relief from a *unanimous* mistake of the jury in the nature of a clerical error or in the announcement or transcription of its verdict already

arrived at. A unanimous clerical error in recording the verdict will support a motion for new trial; however, a unanimous misconstruction of the language of the charge will not. *Burchfield,* 178 S.W.2d at 683; *City of Carrollton v. Rawlins,* 291 S.W.2d 955 (Tex.Civ.App.—Eastland 1956, error ref'd.). It is evident from the jurors' affidavits preserved in the record that the juror-affiants may have misconstrued the language of the charge relating to the damages issues in reaching their decision; however, there was no clerical error in the jury verdict itself.

 The verdict of the jury cannot be impeached by inquiring into the mental processes by which the jurors reached their verdict. *Norman v. First Bank & Trust, Bryan,* 557 S.W.2d 797 (Tex.Civ.App.— Houston [1st Dist.] 1977, writ ref'd n.r.e.); TEX.R.CIV.P., Rule 327. The testimony and affidavits presented by appellants attempt to impeach the verdict by probing the minds of the jurors as to how they arrived at their answers to the damage issues. The fact that the logic used in arriving at the verdict may have been faulty does not entitle appellants to a new trial; the mental processes of the jurors may not be probed and faulty or illogical reason is not considered jury misconduct in the absence of overt acts of misconduct. *Queen City Land Co. v. State of Texas,* 601 S.W.2d 527 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Aetna Casualty and Surety Co. v. Florentine Marble and Tile Corp.,* 549 S.W.2d 24 (Tex.Civ.App.—El Paso 1977, no writ); *Sumners Road Boring, Inc. v. Thompson,* 393 S.W.2d 690 (Tex.Civ.App.— Corpus Christi 1965, writ ref'd n.r.e.). The trial court's ruling on the issue of jury misconduct will be accepted as final by the appellate court if it is supported by the evidence. *Tenngasco Co. v. Fischer,* 624 S.W.2d 301 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *McAllen Coca Cola Bottling Co., Inc. v. Alvarez,* 581 S.W.2d 201 (Tex.Civ.App.—Corpus Christi 1979, no writ). Because there was no evidence to support a finding of an overt act of misconduct, appellants were not entitled to a new trial based upon jury misconduct. Appel-

lants' fourth through eighth points of error are overruled.

The judgment of the trial court is hereby AFFIRMED.