ARMAK TEXAS MOVERS,
INC., Appellant,

v.

RAILROAD COMMISSION OF
TEXAS, Appellee.

No. 3–89–032–CV.

Court of Appeals of Texas,
Austin.

Oct. 10, 1990.

Timothy Mashburn, Robinson, Felts, Starnes, Angenend & Mashburn, Austin, for appellant.

Jim Mattox, Atty. Gen., Cynthia Woelk, Asst. Atty. Gen., Austin, for appellee.

Before POWERS, CARROLL and EARL W. SMITH *, JJ.

POWERS, Justice.

Armak Texas Movers, Inc. sued in district court for judicial review of a final order issued by the Texas Railroad Commission in a contested case initiated in the agency by Armak. The court declined to reverse the Commission order, and Armak appealed to this Court. *See* Tex.Rev.Civ. Stat.Ann. arts. 911b, § 20 (1964); 6252–13a §§ 19, 20 (Supp.1990). We will affirm the district-court judgment.

## THE CONTROVERSY

Armak, a "specialized motor carrier," holds a certificate of convenience and necessity issued by the Commission.[1] At the present time, the certificate authorizes Armak to transport, between specified points in the State, several categories of cargo: (1) household goods; (2) used office furniture and equipment; and (3) an enumerated list of some 43 articles that the parties refer to as "electronics."[2]

Believing its present certificate authorized the company to transport "electronics" within a certain West Texas area,[3] Armak applied to the Commission for an order severing that segment of its operating authority from the remainder, anticipating that the company would then transfer its West Texas "electronics" authority to another carrier. After the requisite notice and hearing, the Commission denied Armak's application based upon the agency's determinations that it had never granted the company authority to transport "electronics" within the designated West Texas territory; that this segment of Armak's operating authority could not in consequence be severed from the remainder; and any purported division would be contrary to the public interest. The Commission issued its order accordingly.

Armak sued for judicial review of the Commission's final order. The company

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

1. The Commission regulates motor carriers in the agency's administration of Tex.Rev.Civ.Stat. Ann. art. 911b (1964 & Supp.1990), "specialized motor carriers" being one category of regulated carriers. The statute prohibits the intrastate operation of specialized motor carriers except under authority of a certificate of public convenience and necessity issued by the Commission after application, notice, hearing, required findings, a final order, and issuance of the certificate. *See* art. 911b, § 5a.

2. For convenience, we will use the word "electronics" to refer to the cargo Armak is authorized to transport in addition to household goods and used office furniture and equipment. The actual description in Armak's certificate is more complicated. It is as follows:

   Uncrated Electronic Equipment and Component Parts, Uncrated Medical and Hospital Equipment, Uncrated Scientific Instruments and Equipment, limited to the following described items:
   Micro Wave Racks

   Double Micro Wave Racks
   Three Double Micro Wave Racks
   Triple Microwave Rack
   Data Processing System, Complete Accounting Machine and Printing Unit
   Sorters
   Collators
   Duplicators
   [The list continues by describing a total of 33 classes of equipment, some of which contain subclasses, for a total of 43 entries.]

   The "electronic" equipment is distinct from Medical and Hospital Equipment and Scientific Instruments and Equipment, but all are required to be uncrated and all are limited to the 33 items listed.

3. The West Texas territory lies:

   Within the territory bounded on the East by U.S. Hwy. 81 from Oklahoma State Line to Waco, on the South, by U.S. Hwy. 84, Waco to Coleman; U.S. Hwy. 67, Coleman to Fort Stockton; and U.S. Hwys. 290 and 80 from Fort Stockton to El Paso.

appeals now from the judgment of the district court refusing to reverse the agency order.

## DEVOLUTION OF ARMAK'S OPERATING AUTHORITY

Armak's points of error and argument attack the meaning assigned by the Commission to the series of documents evidencing the agency's past actions consolidating and amending Armak's operating authority. From these, the Commission determined the scope of authority evidenced by Armak's present certificate, concluding that the company does not have authority to transport "electronics" within the West Texas territory. We shall summarize the transactions reflected in the documents.

Armak first acquired operating authority from the Commission in 1969 when the company purchased from "Roy McNair" a part of the operating authority evidenced by his certificate of public convenience and necessity. This part authorized McNair to transport 33 classes of "electronics." McNair's authority was also limited *geographically* in his certificate, which authorized him to transport the designated "electronics" within a specified area: "within a twenty-five mile radius of Jarrell, Texas, excluding Georgetown, to any point in Texas, and vice versa; ...." Approving Armak's purchase of McNair's "electronics" authority, the Commission issued to Armak "specialized motor carrier certificate" number 25323, dated November 12, 1969. It is undisputed that the Jarrell, Texas area, designated in the certificate, lies outside the West Texas territory.

Armak first acquired in 1970 an authority to carry cargo within the West Texas territory. In that year, the Commission approved a transfer by Sherwood Van Lines, Inc. to Armak of the former's authority to transport "household goods" within the West Texas territory. In 1970, the Commission also approved Armak's application to consolidate in a single certifi-cate the operating authority acquired from Sherwood with the "electronics" authority Armak had acquired in 1969 from McNair. In approving Armak's application, the Commission issued to Armak consolidated certificate number 26093. The consolidated certificate authorized Armak to transport "electronics" to and from the Jarrell, Texas area (as fixed earlier in certificate number 25323), to transport household goods within the West Texas territory, and to transport household goods and used office furniture and equipment within two other geographical areas not involved in the controversy.

In 1973, Armak applied to the Commission for an amendment to its consolidated certificate number 26093. The amendment proposed changes in the classes of "electronics" listed in the certificate. The parties dispute whether the application proposed any change in the geographical limitations fixed in the certificate. Armak attached to its application a "cab card" which contained a summary of the company's operating authority.[4] The summary indicated the geographical limitations on Armak's operating authority with respect to household goods and used office furniture and equipment. The summary did *not,* however, indicate *any* geographical limitation on Armak's authority to transport the various classes of "electronics." In an order dated January 16, 1974, the Commission approved Armak's application for an amendment to its consolidated certificate number 26093. The order altered the list of "electronics" classes but it did not specify *any* geographical limitation on Armak's authority to carry "electronics."

Contemporaneously with its order of January 16, 1974, the Commission issued to Armak an amended certificate number 26093. The amended certificate described Armak's operating authority as follows: (1) the transportation of household goods and used office furniture and equipment to and from five geographically limited areas not

---

**4.** The "cab card" is a document issued by the Director of the Commission's Motor Transportation Division, and maintained in the operator's compartment of the carrier's truck. The purpose of the card is to verify the carrier's operat-ing authority. Tex.Rev.Civ.Stat.Ann. art. 911b, *supra,* § 18. The procedures for obtaining and renewing the cards are set out in 16 Tex.Admin. Code § 5.152 (1988).

in dispute; (2) the transportation of household goods within the West Texas territory; and (3) the transportation of the listed classes of "electronics," as amended, *without specifying any geographical limitation.*

When Armak applied in 1985 for severance of its claimed authority to transport "electronics" within the West Texas territory, it claimed such authority on the ground that the 1974 amended certificate number 26093 omitted to specify any geographical limitation on Armak's authority to transport "electronics." Looking to the series of applications and orders mentioned above, the Commission concluded, however, that the agency had never granted Armak "electronics" authority within the West Texas territory. In its final order, the Commission found that its omission of the Jarrell, Texas limitation on the "electronics" authority described in Armak's certificate

> did not grant additional authority to Armak especially since the order was a grant of an application to remove restrictive language that applied to a territory different from the West Texas territory.

In addition, the Commission found that its omission to specify a want of "electronics" authority within the West Texas territory, in the summary appearing on the "cab card," resulted from a "clerical error." Reciting these determinations, the Commission's order denied Armak's application on the ground that the company had never received "electronics" authority within the West Texas area.

## THE COMMISSION'S INTERPRETATION OF ARMAK'S CERTIFICATE OF PUBLIC CONVENIENCE AND NECESSITY

Armak acknowledges that the Commission is authorized to interpret for *administrative* purposes the agency's previously issued certificates of convenience and necessity; but, Armak contends on appeal, the Commission's "interpretation" in the present case actually amounted to an impermissible *substantive* "amendment" of Armak's certificate, revoking the company's authority to transport "electronics" within the West Texas territory—an authority that had never been challenged since the Commission first granted the authority to Armak in the 1974 proceeding described above. *See Railroad Com'n v. Home Transp. Co.*, 670 S.W.2d 319, 325 (Tex.App.1984, no writ). This contention obviously depends upon Armak's second contention on appeal: that the Commission erred in construing the relevant documents to conclude that the agency did *not*, in the 1974 proceedings, grant Armak "electronics" authority in the West Texas territory. Because we conclude the Commission did not err in its construction, we need not discuss Armak's first contention.

■ Whether the Commission granted Armak "electronics" authority within the West Texas territory, in the 1974 proceeding, is a question of law. In determining whether the Commission erroneously decided the question, we should consider Armak's application and the Commission's order. *State v. Bilbo*, 392 S.W.2d 121, 122 (Tex.1965).

■ Armak argues the Commission granted the claimed authority because the amended certificate issued January 16, 1974 did not expressly limit Armak's "electronics" authority to any geographical area, nor did the "cab card" included with Armak's application contain any such limitation on Armak's "electronics" authority.[5]

---

5. A "cab card" does not purport to be a grant of authority by the Commission. It purports rather to reflect the authority granted by the agency in an order previously issued, which has resulted in turn in the issuance of a certificate of public convenience and necessity.

The operating authority described in a "cab card" should, of course, reflect accurately the authority actually granted by the Commission in its order and in the certificate of public convenience and necessity. If the "cab card" contains an error in that regard, however, it does not alter the authority actually granted. This follows from the fact that a Commission employee, in his issuance of a "cab card," is powerless to expand or reduce the operating authority prescribed by the Commission—the sole public body having the power to prescribe what a carrier's operating authority shall be. *See* art. 911b, § 5a. Any contrary view requires an

Moreover, Armak argues, the 1974 certificate contains the parenthetical notation "no electronics authority" as part of the description of two segments of Armak's operating authority, namely its authority to carry household goods and used office furniture and equipment from San Antonio to all points in Texas, and vice versa, and from the Groesbeck, Texas area to all points in Texas, and vice versa; the 1974 certificate does not, in contrast, contain the notation "no electronics authority" as part of the description of Armak's authority to transport household goods within the West Texas territory. Such is the substance of Armak's argument that it received, in the 1974 certificate, authority to transport "electronics" in the West Texas territory.

It is undisputed that the Commission has never granted Armak, in *express* terms, any authority to transport "electronics" *except* in 1969 when the Commission approved McNair's transfer of such authority to Armak. That authority was expressly limited geographically to the Jarrell, Texas area as described previously. With respect to the West Texas territory, it is undisputed that the Commission has never granted Armak, in *express* terms, any operating authority save the authority to transport "household goods." Armak therefore argues *purely from the negative implications* it imputes to the 1974 certificate and the "cab card" that accompanied Armak's application for that certificate. All of these implications derive in Armak's view from the omissions mentioned above.

■■■ Where doubt arises as to the extent of the operating authority described in a certificate, the doubt must be resolved in favor of the public, and an express grant of authority will *not* generally be expanded by implication.[6] *Hempstead v. Gulf States Utilities Co.*, 146 Tex. 250, 206 S.W.2d 227, 229–31 (1947); *East Line & Red River Ry. Co. v. Rushing*, 69 Tex. 306, 6 S.W. 834, 837 (1887); *Kinner Transp. & Enterprises, Inc. v. State*, 644 S.W.2d 69, 70–71 (Tex.App.1983, writ ref'd n.r.e.). The general rule assumes, however, the doctrine of *necessary* implication. The doctrine holds that any authority granted in express terms includes as well whatever additional authority is *necessary* to exercise the authority granted expressly. *Railroad Commission of Texas v. Johnson*, 104 S.W.2d 146, 150 (Tex.Civ.App.1937, no writ). We cannot conceive that Armak's case comes within the doctrine because it does not appear, and Armak does not contend, that the transportation of "electronics" within the West Texas territory was necessary for Armak to exercise either of its two express grants of authority that might relate theoretically to such transportation: (1) Armak's authority to transport household goods within the West Texas territory; or (2) Armak's authority to transport "electronics" to and from the Jarrell, Texas area. We hold accordingly and overrule Armak's complaint regarding the Commission's construction of the 1974 certificate.

## ARMAK'S "SUBSTANTIAL EVIDENCE" CONTENTIONS

■■■ Armak contends in its remaining points of error that the Commission's findings of fact eight and eleven are not supported by "substantial evidence" and that the agency's final order itself is not so

anomaly: that a ministerial employee has the power to revise the Commission's decisions and orders and alter a carrier's operating authority without an application, notice, hearing, or a consideration of the requisite factors by which public convenience and necessity are determined.

6. The reason for the rule against implied grants is readily apparent in the present case. In art. 911b, § 5a(d), the Legislature declared "void" any Commission order and resulting certificate when the former omits

full and complete findings of fact pointing out in detail the inadequacies of the services and

facilities of the existing carriers and the public need for the proposed service.

Consequently, a certificate may not create in the holder an operating authority that is *not* contained in a Commission order having the requisite findings of fact. Armak's logic fails as a result—the 1974 certificate would be void if it is interpreted as giving Armak authority to transport "electronics" in the West Texas territory, for there is no Commission order that contains "full and complete findings of fact" that "detail the inadequacies of" existing carrier services and facilities in that area and "the public need for" Armak's service therein.

supported as a result. The two findings declare as follows:

> 8. On July 3, 1973, Armak applied to amend Specialized Motor Carrier Certificate 26093 to delete certain restrictive language from its electronics authority. Armak did not seek to expand its existing territorial authority which was described in an attached Appendix A....
>
> \* \* \* \* \* \*
>
> 11. The Commission has never granted Armak authority to transport electronics in the West Texas territory.

Armak argues in substance that *Armak* intended in 1973 to apply for "electronics" authority, as evidenced by an affidavit made by its counsel in the proceeding and the "cab card" that accompanied the application.

We believe it clear that the *Commission's* intention controls, and the issue was a question of law, not one of evidence, concerning what authority was granted in the 1973 amendment to Armak's certificate. *Bilbo*, 392 S.W.2d at 122. In any case, however, we believe the Commission reasonably interpreted the scope of Armak's application that initiated the 1974 proceeding. The relevant part of the application declares that Armak applied for the amendment "so as to delete from applicant's authority to transport uncrated electronics equipment and component parts ... certain descriptive language and surplusage." These were described "specifically" as "descriptive language relating to size, dimension or weight following each of the 43 commodities listed in applicant's electronic authority" and a certain restriction relating to the weight of "spare parts" of a particular kind. Moreover, the application expressly declared that the "[a]pplicant seeks no change in the territorial scope of its existing authority" and that granting the application "will not result, in applicant's opinion, in the broadening of its authority from [a] territorial standpoint."

We hold the Commission reasonably inferred from these passages in the application that Armak did not seek to expand *geographically* its existing "electronics" authority by the application upon which the agency issued the amended certificate in 1974. Consequently, the Commission's findings 8 and 11, construing together the application and the 1974 certificate, are not without substantial evidence to support them.

Finding no error as assigned by Armak, we affirm the judgment below.