NO.
12-06-00217-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

        

TYLER, TEXAS

THE STATE
OF TEXAS,    §                      APPEAL FROM THE 114TH

APPELLANT/CROSS-APPELLEE,

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

DONALD GENE DUDLEY,

APPELLEE, CROSS-APPELLANT           §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


OPINION

            Donald
Gene Dudley was found guilty of the felony offense of sexual assault of a child
and sentenced to community supervision. 
In one issue, the State argues that the trial court should have reformed
the judgment after the State furnished affidavits from jurors stating that they
misunderstood the sentencing possibilities and intended to impose both a
penitentiary term and community supervision. 
Appellee argues that the punishment verdict should stand and raises
three cross issues.  We affirm.

 

Background








            Donald Gene Dudley was indicted for
a single count of sexual assault of a child. 
He had been a teacher in the Brownsboro School District.  The complaining witness was his student and,
according to her testimony, Appellee had sex with her on several occasions at
his home in Smith County.  Appellee
testified that he did not have sex with the student.  During trial Appellee sought to cross examine
the complaining witness about a police interview in which she discussed other
sexual conduct, arguing that circumstances she described in the interview were
inconsistent with her testimony.  The
trial court denied his request, and Appellee introduced a transcript of the
interview as an offer of proof.  

            The jury found Appellee guilty and
assessed punishment of ten years of imprisonment.  However, the jury recommended that the
sentence be probated and that Appellee be placed on community supervision for
five years.  The jury also assessed a fine
of $2,500.00, but did not recommend that it be probated.  The trial court read that punishment verdict
aloud, and the jurors indicated that the trial court had correctly recited
their verdict.  The court entered a
written judgment showing the conviction and the punishment verdict as recited
in open court.  Several days after the
verdict, the State filed a motion seeking reformation of the sentence.  Attached to the motion were identical
affidavits from eleven of the jurors stating that it was their intent that
Appellee serve a prison sentence of ten years followed by a term of community
supervision for five years.[1] 
According to the affidavits and the State’s motion, the jurors
misunderstood the available punishment and intended to impose a sentence of ten
years of imprisonment followed by five years of probation.  The trial court did not rule on the
motion.  Both parties appealed.

 

State’s Appeal

            In one issue, the State argues that
the trial court should have granted its motion for a nunc pro tunc judgment and
reformed the judgment to reflect the jury’s intent as evidenced by their
postverdict affidavits.

Applicable
Law

            If a jury assesses a punishment
authorized by the law, the trial court has no power to change that punishment
verdict and has very little authority to do anything other than to impose that
sentence.  See Ex parte McIver,
586 S.W.2d 851, 854 (Tex. Crim. App. 1979); Smith v. State, 479
S.W.2d 680, 681 (Tex. Crim. App. 1972); Tufele v. State, 130
S.W.3d 267, 273-74 (Tex. App.–Houston [14th Dist.] 2004, no pet.); see
also Ex parte Pena, 71 S.W.3d 336, 339 (Tex. Crim. App. 2002)
(Holcomb, J., dissenting).  A trial court
possesses plenary power over its judgments for at least thirty days after the
entry of judgment.  See State v.
Aguilera, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005) (“[T]rial court
retains plenary power to modify its sentence if a motion for new trial or
motion in arrest of judgment is filed within 30 days of sentencing.”).  And the State may ask the trial court to
correct a void sentence.  Banks v.
State, 29 S.W.3d 642, 645 (Tex. App.–Houston [14th Dist.] 2000, pet.
ref’d) (“We find no legal restriction that prevents the State from filing a
motion to re–sentence to correct a void sentence.”).  As Judge Cochran wrote for the Texas Court of
Criminal Appeals, “There has never been anything in Texas law that prevented any
court with jurisdiction over a criminal case from noticing and correcting an
illegal sentence.”  Mizell v. State,
119 S.W.3d 804, 806 (Tex. Crim. App. 2003). 
A sentence is illegal and void if it is “not within the universe of
punishments applicable to the offense.”  Ex
parte Johnson, 697 S.W.2d 605, 607 (Tex. Crim. App. 1985). 

            A nunc pro tunc judgment is
appropriate to correct clerical errors in a judgment.  A clerical error is one “in which no judicial
reasoning contributed to its entry, and for some reason was not entered of
record at the proper time.”  State
v. Bates, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); see also Tex. R. App. P.  23.1, 23.2. 
Nunc pro tunc orders are not appropriate to address “judicial errors,”
errors that are the product of judicial reasoning or determination.  Bates, 889 S.W.2d at 309; Wilson
v. State, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984). 

Analysis

            Appellee was eligible for community
supervision, and the sentence imposed by the jury was not void because it was
within the range of available punishment. 
See Tex. Penal Code Ann.
§§ 12.33, 22.011(f) (Vernon 2006); Tex.
Code Crim. Proc. Ann. art. 42.12 § 4(d) (Vernon 2006).  Nor was a nunc pro tunc judgment appropriate
to reform the punishment verdict.  A nunc
pro tunc judgment requires that there be proof that the proposed sentence was
actually rendered at an earlier time but that the written judgment fails to
reflect it.  See Jones v.
State, 795 S.W.2d 199, 201, 202 n.7 (Tex. Crim. App. 1990). 

            Nothing in the written verdict form
specifically supports the interpretation of the verdict now advanced by the
State.  The jurors simply filled in the
spaces on the form to indicate that they found Appellee was eligible for
probation and to recommend that he be placed on probation for a period of five
years.[2]  Therefore, the punishment verdict recited by
the trial court and acknowledged by the jurors before they were discharged is
the only verdict that was rendered. 
Accordingly, the trial court did not err when it did not substitute the
proposed alternate interpretation of the verdict by way of nunc pro tunc
judgment because there is no disparity between the verdict rendered and the
written judgment. 

            The State also argues that the trial
court had authority under Article 37.10 of the Texas Code of Criminal Procedure
to alter the punishment verdict.  Article
37.10(b) requires the trial court, and this court if necessary, to reform a
verdict when a jury imposes both a punishment authorized by law and an unauthorized
punishment.  Tex. Code Crim. Proc. Ann. art. 37.10(b) (Vernon 2006).  The same article also allows the trial court
to formalize an informal verdict.  See
id. art 37.10(a).  Neither
scenario is present here.  The written
verdict of the jury does not contain an unauthorized punishment and it was not
an  informal verdict.  Therefore, the State was not entitled to
relief pursuant to Article 37.10.

            Finally, the State argues that it is
entitled to relief pursuant to Article 2.03(b) of the Texas Code of Criminal
Procedure.  Article 2.03(b) provides that
it is the duty of the trial court, the attorney representing the accused, and
the attorney representing the state “to conduct themselves as to insure a fair
trial for both the state and the defendant. . . .”  Id.  But this does not mean that the State is
entitled to the relief requested: a nunc pro tunc judgment in this context or
reformation pursuant to Article 37.10. 
For the reasons explained above, those procedural vehicles do not apply
to this scenario.  A motion for new trial
might reach an instance where the jury verdict as reported does not reflect the
verdict of the jury.  But a motion for
new trial is not available to the State,[3] the State did not file
a motion for a new trial, and the State did not complain either to the trial
court or on appeal that the failure of the rules to allow a motion for new
trial violates Article 2.03.  Therefore,
we conclude that the trial court did not err by failing to grant relief
pursuant to Article 2.03(b).

            Though not addressed by either
party, our research has revealed authority for changing a verdict where,
because of a clerical error, the expressed verdict was not the jury’s agreed
upon verdict.  See, e.g., Caylat
v. Houston E. & W. T. R. Co., 113 Tex. 131, 141–42, 252 S.W. 478,
482 (Tex. 1923) (“We hardly think necessary further discussion of the rule
announced in the American and English courts to the effect that a unanimous
mistake in the nature of a clerical error in announcing or transcribing a
verdict already arrived at may be shown by affidavits or testimony of the
jurors themselves; and when clearly established may be relieved against.”);
H.E. Butt Grocery Co. v. Pais, 955 S.W.2d 384, 388 (Tex. App.–San
Antonio 1997, no pet.); Hoffman v. Deck Masters, Inc., 662 S.W.2d
438, 442-43 (Tex. App.–Corpus Christi 1983, no writ).  

            We cannot conclude that this line of
authority authorizes relief for the State for several reasons.  First, the cases reciting this rule are civil
cases, and we have found no application of this principle to criminal
cases.  Second, these cases depend
procedurally on a motion for new trial, which, in a criminal case, may be filed
only by a defendant.  

            Third, it is not clear that this
rule survives the revision of Texas Rule of Evidence 606(b) in 1998.  Prior to 1905, Texas followed Lord Mansfield’s
rule that jurors could not impeach their verdict.  See Cathy
Cochran, Texas Rules of Evidence Handbook 575–76 (5th ed. 2003).  From 1905 until 1998, Texas allowed
substantially more testimony from jurors following a verdict—an allowance that
all but ended with the enactment of the current Rule 606(b).  Id. at 576. The current Rule
606(b) prohibits inquiry into any matter or statement occurring during
deliberations.  The rule does not
specifically prevent a juror from testifying that the rendered verdict is not
the verdict of the jury.  But it also
does not specifically allow such inquiry, and the current rule is more
restrictive than was the previous version. 
See also Pate v. Texline Feed Mills, Inc., 689
S.W.2d 238, 243 (Tex. App.–Amarillo 1985, writ ref’d n.r.e.) (“Each party has
the implicit duty to promptly examine the written jury verdict and promptly request
a jury poll before the jury is discharged so that any clerical error in the
verdict may be corrected, or the jury may be retired for further deliberation,
if necessary.”).  For these reasons, we
conclude that the Caylat rule does not apply to this situation.  We overrule the State’s sole issue.

 

Admission of Evidence

            In his first cross issue, Appellee
complains that the trial court erred when it did not allow him to ask the
complaining witness about her prior sexual conduct.[4]

Applicable
Law

            Evidence of a complaining witness’s
past sexual behavior, either in the form of specific instances of conduct or
reputation or opinion evidence, is not admissible in a criminal trial for
sexual assault.  See Tex. R. Evid. 412(a), (b).  There are exceptions for evidence that (A) is
necessary to rebut or explain scientific or medical evidence offered by the
State, (B) is of past sexual behavior with the accused offered by the accused
upon the issue of whether the alleged victim consented to the charged sexual
behavior, (C) relates to the motive or bias of the alleged victim, (D) is
admissible under Rule 609, or (E) is constitutionally required to be admitted.  Tex.
R. Evid. 412(b)(2)(A)–(E).  Even
if it meets one of the exceptions, such evidence is inadmissible unless its
probative value outweighs the danger of unfair prejudice.  Tex.
R. Evid. 412(b)(3).  

            A trial court has considerable
discretion in determining whether to exclude or admit evidence.  See Montgomery v. State, 810 S.W.2d
372, 379 (Tex. Crim. App. 1991)  (op. on
reh’g); Rogers v. State, 183 S.W.3d 853, 857 (Tex. App.–Tyler
2005, no pet.).  Absent an abuse of
discretion, we will not disturb a trial court’s decision to admit or exclude
evidence.  See Martin v. State,
173 S.W.3d 463, 467 (Tex. Crim. App. 2005). 
Under this standard, we will uphold a trial court’s evidentiary ruling
so long as the ruling is within the “zone of reasonable disagreement.”  Id.

Analysis

            Appellee argues that he should have
been permitted to question the complaining witness about her other sexual
conduct because she had made prior false allegations of sexual assault and
because her statements to the police about the conduct were inconsistent with
the impression given by her trial testimony. 
The first argument was not made at trial and is waived.  See
Tex. R. App. P. 33.1(a)(1); Broxton v. State, 909 S.W.2d
912, 918 (Tex. Crim. App. 1995); Clark v. State, 881 S.W.2d 682,
694 (Tex. Crim. App. 1994) (“As appellant did not sufficiently clearly
expressly offer the evidence for the purpose which he now claims on appeal,
such is not a basis for complaint on appeal.”). 
Appellee never suggested to the trial court that the evidence should be
admitted to show a prior false claim and, indeed, the evidence does not show a
prior false claim.

            With respect to the second argument,
Appellee asserts that the complaining witness’s testimony that she was in love
with Appellee is inconsistent with her other conduct.  The trial court determined that the other
conduct was not necessarily inconsistent with her trial testimony, did not fit
into one of the exceptions to Rule 412, did not bear on the question of whether
the sexual assault occurred, and was unduly prejudicial.  We agree.

            Generally, a witness who creates a
false impression while testifying may be cross examined about previous
statements or actions inconsistent with that impression.  See Pyles v. State, 755 S.W.2d
98, 115 (Tex. Crim. App. 1988).  In this case,
it is not clear that the complaining witness created a false impression by her
testimony.  Even if she did, we do not
understand this principle to be an exception to Texas Rule of Evidence 412, and
Appellee has not shown an exception that applies.  

            Instead, citing Staley v.
State, 888 S.W.2d 45 (Tex. App.–Tyler 1994, no pet.), Appellee argues
that the rule of admissibility for prior inconsistent statements should be
liberally construed if it shows the promise of exposing a falsehood.  That case is inapposite here.  Appellee never suggested that the complaining
witness’s testimony about her affection for him was a falsehood.  Instead, he argued from the beginning of the
trial that the witness had affection for him, was in love with him, desired a
relationship with him, and only fabricated the sexual assault after he rebuffed
her.[5]  In the context of this case, therefore, the
only falsehood to be explored was whether the complaining witness was telling
the truth about the other conduct.  As
the trial court correctly observed, the answer to that question was not
pertinent to the question of whether Appellee sexually assaulted the witness.  

            The trial court did not abuse its
discretion when it found that the proposed line of inquiry violated Rule 412
and would not produce relevant information. 
We overrule Appellee’s first cross issue.

 

Sufficiency of the Evidence

            In his second cross issue, Appellee
argues that the evidence was factually insufficient to support the
conviction.  Specifically, Appellee
argues that the complaining witnesses lacked credibility and that her testimony
was not corroborated.

Standards
of Review

            Evidence must be factually
sufficient to support a criminal conviction. 
See Clewis v. State, 922 S.W.2d 126, 129–30 (Tex.
Crim. App. 1996).  We review the factual
sufficiency of the evidence in a neutral light, and we determine whether the
evidence supporting the verdict is so obviously weak as to undermine our
confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  See Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (Evidence is factually insufficient
only when reviewing court objectively concludes that the great weight and
preponderance of the evidence contradicts the jury’s verdict.).

            Under either standard, our role is
that of appellate review, and the fact finder is the sole judge of the weight
and credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111–12 (Tex. Crim. App.
2000).  The fact finder may choose to
believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).

            The sufficiency of the evidence is
measured against the offense as defined by a hypothetically correct jury
charge.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
A hypothetically correct jury charge “accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant is
tried.”  Id.

            As alleged in the indictment, the
State was required to prove that the complaining witness  was a child younger than seventeen and not
Appellee’s spouse and that Appellee intentionally or knowingly caused the
penetration of her sexual organ with his sexual organ and his finger.  See Tex.
Penal Code Ann. § 22.011(a)(2) (Vernon 2006). 

Analysis

            With respect to the sufficiency of
the evidence, Appellee argues that there was no specific corroboration of the
complaining witness’s testimony about the sexual assault, that she could not be
believed generally, and that his own testimony that there was no sexual assault
directly contradicted the complaining witness’s testimony.  

            The complaining witness testified
that the assault occurred as alleged in the indictment.  She was not Appellee’s spouse and she was
under the age of seventeen at the time of the assault.  Her uncorroborated testimony is sufficient to
support a conviction for sexual assault.  See Tex.
Code Crim. Proc. Ann. art. 38.07(b)(1) (Vernon 2006); Satterwhite
v. State, 499 S.W.2d 314, 315 (Tex. Crim. App. 1973); Jensen v.
State, 66 S.W.3d 528, 534 (Tex. App.–Houston [14th Dist.] 2002, pet.
ref’d).  There was circumstantial
evidence that corroborated her testimony, including testimony by one of her
friends that she took the complaining witness to Appellee’s house, a friend of
the family who testified that Appellee brought her back many hours later, and
Appellee’s admissions regarding the time the two spent together as well as their
prodigious contacts by text message, e–mail, and telephone.  Against this evidence was Appellee’s
testimony that the sexual assault did not occur and some circumstantial
evidence that called the complaining witness’s account into question. 

            Our review of the factual
sufficiency of the evidence must not substantially intrude upon the jury’s role
as the sole judge of the weight and credibility of witness testimony.  See Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997). 
Where there is conflicting evidence, the jury’s verdict on such matters
is generally regarded as conclusive.  See Van Zandt v. State, 932 S.W.2d
88, 96 (Tex. App.–El Paso 1996, pet. ref’d). 
Appellee’s testimony and the testimony of the complaining witness
conflict.  It was the task of the jury to
resolve that conflict and their resolution of that conflict was
reasonable.  Our review of the evidence
does not show that the evidence is too weak to support the verdict standing
alone or that the evidence is outweighed by contrary proof.  We overrule Appellee’s second cross issue.

 

Jury Argument

            In his third cross issue, Appellee
argues that the trial court should have granted two motions for mistrial that
he made during the State’s closing arguments. 
The first motion for mistrial came after the State argued that the
complaining witness had no reason to fabricate her claim.  Rhetorically, the State’s attorney asked, “What
does this get her?”  He then proceeded to
describe the indignity of the sexual assault examination and remarked that the
complaining witness had gone through eight months of counseling.  Appellee objected, and the trial court ruled
that it would not allow argument about the eight months of counseling.  Appellee moved for a mistrial.  The trial court denied the motion for a
mistrial but ordered the jury not to consider the comment and to decide the
case based on the evidence presented.  

            The second motion was made after the
State argued that if the jury did not believe the complaining witness, “[T]he
message gets around real quick.  ‘You
know those people in Smith County, they don’t listen to children.  You want to find a young girl you can
statutorily rape, you come to Smith County.’” Appellee objected.  The trial court sustained the objection and
instructed the jury not to consider those comments.  Appellee moved for a mistrial, and the court
denied the motion.

Applicable
Law

            The four permissible areas of jury
argument are (1) summation of the evidence, (2) reasonable deductions from the
evidence, (3) answers to the argument of opposing counsel, and (4) pleas for
law enforcement.  See Wilson v.
State, 7 S.W.3d 136, 147 (Tex. Crim. App. 1999).  We review the denial of a motion for mistrial
for an abuse of discretion.  See Simpson
v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).  Mistrial is only appropriate for highly
prejudicial and incurable errors.  Id.  It may be used to end trial proceedings when
faced with error so prejudicial that expenditure of further time and expense
would be wasteful and futile.  Id.

Analysis


            The first argument, regarding eight
months of counseling, presents little difficulty.  The trial court had permitted the complaining
witness’s mother to testify that the girl had been in counseling.  Appellee does not allege a particular harm
from the argument other than that it was an intentional insertion of facts that
were not in evidence.  But those facts
were in evidence.  The inference the State
sought to draw from them was poorly supported, but on balance, the trial court’s
admonition was sufficient to rectify whatever harm, if any, accrued to
Appellee.

            The second argument is a variation
on an argument asking the jury to send a message to the community.  Commonly these arguments are in terms of
asking the jury to reach a particular verdict 
to show their displeasure with certain conduct, and these arguments have
not been held to constitute reversible error. 
See McGee v. State, 774 S.W.2d 229, 240 (Tex. Crim. App.
1989) (“We have reviewed, however, the prosecutor’s arguments and have
determined that, in effect, the prosecutor asked the jury to send a message to
the community that it will not tolerate violence within its own community.”); Goocher
v. State, 633 S.W.2d 860, 864 (Tex. Crim. App. [Panel Op.] 1982) (“I am
asking you to enforce it.  I’m asking you
to do what needs to be done to send these type of people a message to tell them
we’re not tolerating this type of behavior in our county.”); Barcenes v.
State, 940 S.W.2d 739, 749 (Tex. App.–San Antonio 1997, pet. ref’d) (“You
know, you’re here because you have been chosen by the community to make the
decision, and that’s it. . . . Don't send a message to the community that you’re
going to believe. . . .”).  But an
argument is improper if it suggests that the community requires or expects a
certain verdict.  Pennington v.
State, 171 Tex. Crim. 130, 131–33, 345 S.W.2d 527, 528–29 (1961).  This is so in part because the sentiments of
the community are not in evidence.  Id.  As the court of criminal appeals observed in Cortez
v. State, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984), it is appropriate
to ask “the jury to be the voice of the community,” but not to ask “the jury to
lend its ear to the community.”

            The trial court ruled that the
argument was improper.  The State does
not argue otherwise.  The trial court’s
conclusion is a reasonable one because the argument conveys to the jury that
there are people in the world who, in search of the most amenable county to “statutorily
rape” children, would decide where to offend based on the jury’s decision in
this case.  Much like the community
sentiment in favor of conviction or a particular sentence, proof of the
described phenomenon is not within the evidence of this case.  Theories about the general deterrent effect
of the prompt and fair enforcement of the law can be argued without resort to
such argument. 

            The question is whether the argument
required the trial court to declare a mistrial. 
To require a new trial, an impermissible argument must have been a
willful and calculated effort by the State to deprive a defendant of a fair and
impartial trial.  See Wesbrook,
29 S.W.3d at 115.  Only offensive or
flagrant error warrants reversal when, as there was here, there has been an
instruction to disregard.  Id.
at 116.

            Improper jury argument is
nonconstitutional error, which we must disregard unless it affected Appellee’s
substantial rights.  See Tex. R. App. P. 44.2(b); Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).  A substantial right is affected when the
error has a “substantial and injurious effect or influence in determining the
jury’s verdict.”  King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (quoting Kotteakos v. United
States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253, 90 L. Ed. 1557
(1946)). The court in Mosley recognized three factors to consider
in evaluating improper arguments: (1) severity of the misconduct (the magnitude
of the prejudicial effect of the prosecutor’s remarks), (2) measures adopted to
cure the misconduct (the efficacy of any cautionary instruction by the judge),
and (3) the certainty of conviction absent the misconduct (the strength of the
evidence supporting the conviction).  Mosley,
983 S.W.2d at 259.

            Appellee argues that a new trial, or
an acquittal, is necessary and cites Castillo v. State, No.
14-03-00034-CR, 2005 Tex. App. LEXIS 1382 (Tex. App.–Houston [14th Dist.] 2005,
pet ref’d) (mem. op., not designated for publication) to support his argument.  Castillo does not support the relief
requested.  In that case, the court of
appeals held that an argument similar to the one made here did not require a
mistrial.  Id. at *23–24
n.5.  In Castillo and here,
the severity of the misconduct was not great. 
The State’s argument was a variation of a perfectly acceptable plea for
law enforcement.  While improper, we do
not conclude that it was a willful or calculated effort to deprive Appellee of
a fair trial.

            Further, the curative measures were
substantial.  The district court judge
forcefully and directly admonished the jury not to consider the State’s
argument immediately after a contemporaneous objection.  A conviction was not certain in this case,
but on balance, we conclude that the State’s argument was not so offensive or
flagrant that the trial was rendered fundamentally unfair. 

            The trial court did not abuse its
discretion when it denied Appellee’s motions for mistrial.  We overrule Appellee’s third cross issue. 

 

Conclusion

            The trial court did not err when it
entered the punishment verdict rendered and acknowledged by the jury.  The evidence was factually sufficient to
support the conviction, and the trial court did not err when it did not declare
a mistrial during closing argument or when it did not permit Appellee to cross
examine the complaining witness about her prior sexual conduct.  We affirm the judgment of the
trial court.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

 

Opinion delivered April 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] In an objection filed with this Court, Appellee asks us to strike the
affidavits for failure to comply with Texas Rule of Appellate Procedure 34.5
and because the mental processes of jurors are “protected from inquiry,”
presumably a reference to Texas Rule of Evidence 606(b).  We overrule that request.  The affidavits were filed along with a
postjudgment motion and therefore are properly within the appellate
record.  See Tex. R. App. P. 34.5(a)(6) (Absent an
agreement of the parties, the record must include copies of “any post–judgment
motion”). 





[2] In relevant part, the jury’s punishment verdict is as follows, with the
foreperson’s handwritten entries in italics, “We, the Jury, find that the
Defendant, Donald Dudley, has not before been convicted of a felony in
this or any other state.”  “We, the Jury,
do recommend that the Defendant’s confinement be probated.  We, the Jury, do not recommend that
the Defendant’s fine, if any be probated.”





[3] See Tex. R. App. P.
21.1, 21.4; Johnson v. State, 894 S.W.2d 529, 534 (Tex. App.–Austin
1995, no pet.) (construing the previous rule); but see Banks,
29 S.W.3d at 645 (allowing the State to ask the trial court to correct a void
sentence); see also H.E. Butt Grocery Co. v. Pais, 955
S.W.2d 384, 388 (Tex. App.–San Antonio 1997, no pet.) (remedy if jury has been
discharged is new trial).





[4] The State did not respond to any of Appellee’s cross issues.





[5] Early in his opening statement, Appellee’s counsel said, “[The
complaining witness] is a girl who had – – has had a crush on her teacher, just
like the State said.  We contend that the
crush wasn’t returned.  But [the
witness], wanting the attention, creates something where nothing exists.  She wants more.  She wants a relationship.”